**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3842-22

VIVIENNE I. ALLEN,

    Plaintiff-Appellant,

v.

JOSEPH KANE,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

AJAY PATEL,

    Third-Party Defendant.

_____

Argued October 9, 2024 – Decided October 21, 2024

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5209-21.

Thomas T. Kim argued the cause for appellant.

Mallary R. Hollander argued the cause for respondent (Voss Nitsberg DeCoursey & Hawley, attorneys; Mallary R. Hollander, of counsel and on the brief).

PER CURIAM

Plaintiff Vivienne I. Allen appeals from a March 31, 2023 order granting summary judgment in favor of defendant Joseph Kane and a July 3, 2023 order denying plaintiff's motion for reconsideration. We affirm both orders on appeal.

We recite the facts from the motion record. On August 14, 2019, the parties were involved in a car accident. The same day as the accident, plaintiff went to the hospital complaining of pain in her chest, arm, and back. At the hospital, she had a CT scan of her chest and two x-rays of her sternum. The x-rays indicated a non-displaced fracture of the sternum and the CT scan was negative.

On August 22, 2019, plaintiff underwent an MRI of her spine at Cliffside Park Imaging & Diagnostic Center (Cliffside).[1] Plaintiff's medical expert and treating doctor stated he "interpreted and analyzed" Cliffside's reports and MRI films from August 2019.

---

[1] The record on appeal lacks any written reports from Cliffside indicating its MRI findings related to plaintiff's spine.

In August 2021, plaintiff filed a personal injury lawsuit against defendant for injuries she allegedly suffered in the August 2019 accident. Plaintiff's automobile insurance policy limited the injuries for which she could recover because she elected the limitation on lawsuit option, also known as the verbal threshold option.

After the accident, plaintiff treated with Dr. Andrew Rodgers, a chiropractor. In addition to rendering treatment, Dr. Rodgers authored a March 29, 2021 narrative medical report opining plaintiff suffered a permanent back injury. He rendered this opinion after examining plaintiff, administering range-of-motion tests, and reviewing the hospital's x-rays and Cliffside's MRIs.

After performing the range-of-motion tests, Dr. Rodgers concluded plaintiff displayed "abnormal[] . . . flexibility and mobility," along with "muscle spasms" upon palpation. Dr. Rodgers noted plaintiff's x-rays did not reveal "fractures or broken bones." Based on his physical examination of plaintiff, discussion with plaintiff regarding her medical history, review of plaintiff's MRIs, and range-of-motion testing, Dr. Rodgers concluded plaintiff's "condition has not returned to normal function and her health will not return to normal function with further treatment as a result of this accident."

In his report, Dr. Rodgers wrote:

3

> [Plaintiff] has sustained a significantly permanent injury from her accident. . . . This permanent injury is in the form of a significantly limited use of this once normal bodily function [and] a loss of range of motion, accompanied by pain. Other limitations include: pain and limitation during athletic events, household work[,] and chores; pain during sleep, resulting in loss of sleep; sitting or standing for extended periods of time causes pain and joint stiffness.

Dr. Rodgers also provided a "[c]ertification/[a]ffidavit of [p]ermanency" pursuant to N.J.S.A. 39:6A-8 as part of his March 29, 2021 report.

Dr. Rodgers subsequently issued a June 27, 2022 written addendum report. Dr. Rodgers maintained plaintiff's medical condition as of June 2022 was "directly related to injuries from [the] motor vehicle accident of August 14, 2019" and the accident "was and is the only cause of [plaintiff's] present injuries, present conditions[,] and present impaired functional limitations."

Defense counsel deposed plaintiff in June 2022 before Dr. Rodgers issued his written addendum report. When asked if she continued to experience pain from the August 2019 accident, plaintiff responded, "No." At her deposition, plaintiff stated she had "[n]o more pain from [her] chest . . . and [her] back." When defense counsel asked if plaintiff still suffered pain from the August 2019 accident, plaintiff replied, "No, not that I can say." Further, when defense counsel asked if plaintiff had difficulty doing any activities as a result of the

4

August 2019 accident, plaintiff stated, "I don't have any physical [pain] that I can say it's because of the accident." Further, plaintiff testified she had no restrictions on her activities of daily living attributable to the August 2019 accident and agreed the care and treatment she received from Dr. Rodgers "helped" her condition.

In March 2023, defendant moved for summary judgment, arguing plaintiff failed to vault the verbal threshold to recover non-economic damages. Defendant asserted Dr. Rodgers' expert report lacked "objective data and discussion" to conclude plaintiff suffered a permanent injury. Additionally, defendant cited plaintiff's deposition testimony, which confirmed she did not suffer a permanent injury. Plaintiff filed a brief in opposition to the motion but did not submit an opposing certification.

On March 31, 2023, the motion judge heard argument on defendant's application and immediately thereafter granted summary judgment for the reasons stated on the record. The judge found:

> [P]laintiff has not satisfied the verbal threshold here, [and] has not provided legitimate evidence of a permanent injury. And, has in fact, provided information that indicates she doesn't have a permanent injury resulting from this accident.
>
> [Dr. Rodgers'] findings or notations, the [c]ourt finds is merely a parroting of the language of the

5

statute. And, as the [c]ourt has repeatedly held, that does not sustain . . . plaintiff's ability to vault the verbal threshold as established under the statute.

The [c]ourt finds nothing in the record that indicates . . . plaintiff has any objective findings of a permanent injury. And, in fact, quite the opposite is what the record shows. So, I am going to grant the motion as filed and grant summary judgment dismissing the matter. The plaintiff has not satisfied the criteria . . . under the verbal threshold statute.

Several weeks after the judge granted summary judgment, plaintiff signed a certification "in support of [her] [m]otion for [r]econsideration." According to plaintiff's April 12, 2023, certification,[2] she claimed she "still suffer[ed] and experience[d] excruciating pain on a regular basis" and "limits and restrictions to [her] range of motion includ[ing] cervical muscle, tendons[,] and ligaments." In her newly minted certification, and contrary to her prior sworn deposition testimony, plaintiff claimed she experienced intermittent pain and movement restrictions since the August 2019 accident.

The judge denied the reconsideration motion. The judge explained he disregarded plaintiff's post-summary judgment certification because she could have provided such a certification in opposition to defendant's summary

_____

[2] Plaintiff's certification post-dated the summary judgment order by almost two weeks.

6

judgment motion, but failed to do so.  Additionally, the judge stated he "did not overlook or fail to give enough weight to any fact or argument" in granting summary judgment to defendants.  The judge again recited plaintiff's own deposition testimony indicating she had no pain or restrictions as of the date of her deposition.

On appeal, plaintiff argues the judge erred in granting summary judgment to defendant because her expert report provided objective clinical evidence of a permanent injury sufficient to vault the verbal threshold.  Additionally, plaintiff contends the judge erred in disregarding her April 2023 certification in support of her reconsideration motion.  We reject these arguments.

We first address plaintiff's argument the judge erred in granting summary judgment to defendant.  We review the grant of a summary judgment motion de novo.  Samolyk v. Berthe, 251 N.J. 73, 78 (2022).  A court must grant summary judgment when the record "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).  No genuine issue of material fact exists where the record "is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

7

In reviewing a summary judgment motion, "an appellate court is bound by the summary judgment factual record developed before the trial court." Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 378 n.3 (2010) (citing Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007)).  Accordingly, a court must consider "whether the competent evidential materials presented [in the summary judgment record], when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540.  The trial court's legal analysis, however, is "not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

New Jersey law provides automobile insurance policyholders may elect one of two choices for personal injury coverage:  a "[l]imitation on lawsuit option" and a "[n]o limitation on lawsuit option." N.J.S.A. 39:6A-8(a) and (b). The "limitation on lawsuit threshold"—also known as the "verbal threshold"— prevents an insured from recovering damages "for pain and suffering unless the plaintiff suffers an injury that results in 1) 'death'; 2) 'dismemberment'; 3) 'significant disfigurement or significant scarring'; 4) 'displaced fractures'; 5)

A-3842-22

'loss of a fetus'; or 6) 'a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.'" DiProspero v. Penn, 183 N.J. 477, 488 (2005) (quoting N.J.S.A. 39:6A-8(a)). An injury is considered permanent "when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8(a).

Verbal threshold plaintiffs must prove a statutorily enumerated injury by referencing "objective clinical evidence." N.J.S.A. 39:6A-8(a); Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 234 (App. Div. 2020). Objective clinical evidence must be "derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" Agha v. Feiner, 198 N.J. 50, 60 (2009) (quoting Davidson v. Slater, 189 N.J. 166, 181 (2007)). The objective medical evidence cannot "amount to little more than a paraphrasing, in the most conclusory language, of the statutory requirements." Oswin v. Shaw, 129 N.J. 290, 320 (1992), superseded by statute, Automobile Insurance Cost Reduction Act, L. 1998, c. 21, § 11. Further, plaintiffs subject to the verbal threshold must "file a certification by a physician attesting, 'under penalty of perjury,' that the injury satisfies one of the threshold categories." Serrano v. Serrano, 183 N.J. 508, 514 (2005) (quoting DiProspero, 183 N.J. at 488-89).

On a motion for summary judgment based on a plaintiff's failure to vault the verbal threshold, the motion judge must determine whether there is "a material dispute of fact regarding the nature and extent of the plaintiff's injuries." Davidson, 189 N.J. at 179 (quoting Oswin, 129 N.J. at 307). Specifically,

> If on a summary-judgment motion the court decides, from whatever medical reports and other evidence submitted in support of and in opposition to the motion, that the injuries do not, as a matter of law, carry the plaintiff's case across the verbal threshold, then the defendant will prevail on the motion. If however the plaintiff's medical proofs survive that initial test and the court discovers, from all the information presented on the motion, a legitimate factual dispute over the nature and extent of the injuries, then resolution of that dispute is of course for the jury.

> [Ibid.]

Here, based on her automobile insurance policy, plaintiff was subject to the verbal threshold. As such, plaintiff was required to satisfy one of the six categories enumerated under N.J.S.A. 39:6A-8(a) to recover for her injuries. In this case, plaintiff alleged she suffered a permanent injury entitling her to recovery under the statute.

Plaintiff's expert, Dr. Rodgers, concluded plaintiff suffered a "significant[] permanent injury" based on his range-of-motion testing and

review of plaintiff's MRIs. However, plaintiff's range-of-motion test results were not objective clinical evidence of a permanent injury. Objective clinical evidence must be "derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" Agha, 198 N.J. at 60 (quoting Davidson, 189 N.J. at 181). "[S]ubjective tests, such as those that evaluate range of motion, will not suffice." Ibid.

Moreover, Dr. Rodgers relied on his own analysis and interpretation of Cliffside's MRI films and reports to conclude plaintiff suffered a permanent injury. However, such conclusions are inadmissible unless Dr. Rodgers is qualified to analyze and interpret MRIs. "[I]nterpretation of an MRI may be made only by a physician qualified to read such films, and . . . [an] MRI report [cannot] be bootstrapped into evidence through [a chiropractor's] testimony." Brun v. Cardoso, 390 N.J. Super. 409, 421 (App. Div. 2006).

Here, plaintiff failed to establish Dr. Rodgers had the requisite medical training and expertise to review Cliffside's MRIs of plaintiff's spine. Without training and experience in the reading of radiological images, Dr. Rodgers was not competent to interpret plaintiff's MRI films.

Further, we are satisfied plaintiff's deposition testimony foreclosed her ability to demonstrate she suffered a permanent injury. Plaintiff gave deposition

11

testimony on June 22, 2022.[3] During her deposition testimony, plaintiff stated she no longer experienced pain or difficulty with activities of daily living attributable to the August 2019 accident. Plaintiff's sworn testimony directly contradicted Dr. Rodgers' medical opinion that plaintiff's injuries had not healed to function normally and would not heal to function normally with further treatment. Based on her own sworn deposition testimony, plaintiff cannot vault the verbal threshold, and the judge properly entered summary judgment for defendant.

We next consider plaintiff's argument that the judge erred in denying her motion for reconsideration. Under Rule 4:49-2, "the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). We review a "trial court's denial of plaintiff's motion for reconsideration for abuse of discretion." Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). Abuse of discretion "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an

---

[3] Plaintiff's deposition took place after Dr. Rodgers rendered his initial March 2021 narrative medical report and five days before Dr. Rodgers issued his June 27, 2022 addendum report.

impermissible basis." Kornbleuth, 241 N.J. at 302 (quoting Pitney Bowes Bank, 440 N.J. Super. at 382).

A motion for reconsideration "is primarily an opportunity to seek to convince the court that either 1) it has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Id. at 301 (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)). "[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010). "Said another way, a litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). "A litigant should not seek reconsideration merely because of dissatisfaction with a decision of the [c]ourt." Ibid.

Moreover, "[r]econsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). "[I]f a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the

first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." D'Atria, 242 N.J. Super. at 401.

Having reviewed the record, we are satisfied the judge did not abuse his discretion in denying plaintiff's reconsideration motion. While we understand plaintiff's dissatisfaction with the judge's decision, she failed to proffer any evidence that the judge's determination was arbitrary, capricious, or erroneous.

Further, the judge did not abuse his discretion in declining to consider plaintiff's post-summary judgment certification. Nothing prevented plaintiff from proffering a certification in opposition to defendant's summary judgment motion. Between the date of plaintiff's deposition and defendant's motion for summary judgment, plaintiff had nine months to submit a certification correcting her deposition testimony, if necessary. Plaintiff only presented a certification claiming she suffered continuing pain and limitations after the judge dismissed her case. On these facts, the judge correctly declined to consider plaintiff's post-summary judgment certification which contradicted her earlier sworn deposition testimony. See Shelcusky v. Garjulio, 172 N.J. 185, 201-02 (2002) (holding courts may reject a contradictory affidavit as a sham where contradiction is not "reasonably explained," the affidavit "patently and

14

sharply" contradicts earlier deposition testimony, and no "confusion or lack of clarity existed at the time of the deposition questioning").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3842-22